Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3591 | **DATE** | 4/23/2001 |
| **CASE TITLE** | Zurich American Ins. Co. etc. Vs. International Fidelity Ins. Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant has moved for leave to file additional affirmative defenses. We grant defendant leave to file. Status hearing set for May 3, 2001 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 2 4 2001 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZURICH AMERICAN INSURANCE )
COMPANY f/k/a Zurich Insurance )
Company, )
 )
            Plaintiff, )
 )
    vs. )  No. 99 C 3591
 )
INTERNATIONAL FIDELITY )
INSURANCE COMPANY, )
 )
            Defendant. )

## MEMORANDUM OPINION AND ORDER

This is a breach of contract case between plaintiff Zurich American Insurance Company (Zurich) and defendant International Fidelity Insurance Company (IFIC). Defendant has moved for leave to file additional affirmative defenses. Plaintiff objects and asserts that permitting additional defenses at this point in the litigation would cause it undue prejudice and that IFIC's delay is not excusable. For the following reasons, we grant defendant leave to file.

## BACKGROUND

Zurich contracted to pay certain worker's compensation claims against principal TransTexas Gas Corporation (TransTexas), provided TransTexas ultimately reimburse Zurich for those payments. Zurich required surety bonds to protect against default. IFIC issued the bonds, and secured this obligation with its own collateral from TransTexas.

TransTexas defaulted on its reimbursement obligations to Zurich, which then filed a claim on the bonds with IFIC on January 30, 1999. IFIC denied the claim on April 12, 1999. TransTexas filed for Chapter 11 bankruptcy protection in the Southern District of Texas on



April 19, 1999. Zurich filed this complaint against IFIC on May 28, 1999, and amended it on August 16, 1999. Defendant filed its answer, raising two affirmative defenses, on October 25, 1999.

Zurich and TransTexas submitted their dispute to binding arbitration. We agreed to allow that proceeding to conclude before litigating the substantive issues here. Zurich and TransTexas then settled, adjourned the arbitration and submitted their agreement to the bankruptcy court for approval on October 31, 2000. On November 21, 2000, IFIC objected to that settlement in bankruptcy court, where an evidentiary hearing is scheduled for June 12, 2001. IFIC moved to file these additional defenses on January 23, 2001, and we consolidated discovery in this matter with the Texas proceedings (min. order Jan. 30, 2001).

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure directs that leave to amend pleadings should be freely granted. In Warrior Ins. Group v. Insureon.com, Inc., 2000 WL 1898867 at *1 (N.D. Ill. Dec. 29, 2000), we explained the alternative for parties is "to raise every possible defense that might possibly have some merit if favorable facts should develop during discovery. But that approach just introduces a lot of expensive clutter and litigation is already far too expensive without that. It is far better to amend if discovery provides some substance to a possible defense not initially alleged." Leave may only be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Forman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff first charges that IFIC's delay in filing additional defenses is inexcusable. This

is a suit between an obligee and a surety. It will necessarily involve information possessed by the principal. Matters are complicated by the fact that the principal is in bankruptcy, leading to multiple concurrent proceedings in other jurisdictions. During the pendency of this suit there has been an arbitration between the principal and the obligee, a settlement and objections raised by the surety in bankruptcy court. We elected to allow the arbitration to run its course before proceeding here. Meanwhile, neither party conducted much discovery. We will not penalize defendant for not advancing additional defenses here while we all awaited the outcome of the arbitration. And we note that the bankruptcy court has yet to rule on the arbitration settlement.

Plaintiff also alleges undue prejudice. First, it argues that necessary witnesses are now deceased or unavailable. The only person relevant to this action who we know to be deceased is Mr. Frank M. Pinkerton, who died before defendant's initial answer. And plaintiff does not identify any other individual who is unavailable. General, non-specific assertions of prejudice are not sufficient. *See* Vardon Golf Co. v. Supreme Golf Sales, 741 F. Supp. 152, 154 (N.D. Ill. 1990).

Second, plaintiff claims prejudice because it conducted and settled its arbitration with TransTexas based on certain expectations. All parties, however, were aware of the fact that the court was awaiting the conclusion of the arbitration before continuing here. Again, neither party did much discovery in the interim. Plaintiff should have known that these proceedings could change materially once discovery began in earnest and adjusted its expectations accordingly.

Lastly, we note that the proposed defenses are unlikely to change these proceedings much at all. Defenses 6 and 9 assert that the debts underlying the bonds do not exist. Defenses

5 and 8 assert that the principal made all required payments. And defense 3 asserts that plaintiff suffered no harm under the 1996 agreement because it had already taken collateral to satisfy the debt. Proving that the debt exists, that the principal defaulted on it and that plaintiff suffered harm are all elements of plaintiff's *prima facie* case which, from the outset, it knew it was obliged to prove. Stating defenses incorporating these same issues does not prejudice Zurich at all.

Only defenses 4 and 7, alleging that the obligee and principal materially changed IFIC's risks without the surety's consent, introduce anything new to this case. IFIC raised both of these issues, as well as the other proposed defenses, as part of its objections to the arbitration settlement. Zurich will have to conduct discovery on and address those arguments in the bankruptcy proceedings. Particularly since we have consolidated discovery here with the bankruptcy proceedings, there is little prejudice to plaintiff if defendant is permitted to present those defenses here as well.

## CONCLUSION

Although this case is nearly two years old, discovery has barely begun in this matter. Importantly, this is due to concurrent proceedings in another jurisdiction, not dilatory parties. As we discussed above, we believe it is better to allow parties to amend pleadings as discovery progresses, than to force them to plead anything conceivable at the outset, just in case. For the foregoing reasons, we grant defendant's motion for leave to file additional affirmative defenses.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 23, 2001.